UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALL AMERICAN SEMICONDUCTOR, INC. v. HYNIX SEMICONDUCTOR, INC., et al., | Nos.  C 07-1200 PJH<br>C 07-1207 PJH<br>C 07-1212 PJH |
| EDGE ELECTRONICS, INC. v. HYNIX SEMICONDUCTOR, INC., et al., | **ORDER DENYING APPLICATION FOR ORDER TO SHOW CAUSE RE CONTEMPT AND CLARIFYING SCOPE OF COURT'S PRIOR ORDER** |
| JACO ELECTRONICS, INC. v. HYNIX SEMICONDUCTOR, INC., et al., | |
| _____/ | |

Before the court is defendants Infineon Technologies AG and Infineon Technologies North America Corporation's (collectively "Infineon") Application for Order to Show Cause Re Contempt ("Application"), seeking an order from this court directing plaintiffs All American Semiconductor, Inc. ("All American"), Edge Electronics, Inc. ("Edge"), Jaco Electronics, Inc. ("Jaco") (collectively "plaintiffs") to show cause why they should not be held in contempt for failure to comply with this court's December 18, 2008 Order, which disqualified Crowell & Moring LLP ("Crowell") from continuing to represent plaintiffs in this litigation. Plaintiffs oppose the Application. Having carefully read the parties' papers and considered the relevant legal authority, the court hereby DENIES Infineon's Application, for the reasons stated below.

**BACKGROUND**

These cases are related to an antitrust multi-district litigation ("MDL") action (In re DRAM Antitrust Litigation C 02-1486 PJH) that generally alleges a horizontal price-fixing conspiracy carried out by numerous defendants, in violation of various state and federal antitrust laws. Plaintiffs are generally direct purchasers of dynamic random access memory ("DRAM") chips - a type of semiconductor chip used in computers and other

electronic equipment - who opted out of the direct purchaser class actions in the related MDL. While there are six different individual cases that belong to the "opt-out" category of DRAM cases, only three of those cases - All American Semiconductor, Inc. v. Hynix Semiconductor, Inc., et al., No. C 07-1200 PJH, Edge Electronic, Inc. v. Hynix Semiconductor, Inc., et al., No. C 07-1207 PJH and Jaco Electronics, Inc. v. Hynix Semiconductor, Inc., et al., No. C 07-1212 PJH - are before the court here.[1] These individual cases, like the related MDL, follow a United States Department of Justice ("DOJ") investigation that resulted in the filing of criminal charges of illegal price-fixing against Infineon and some of its executives.

On October 29, 2008, Infineon filed a motion to disqualify John Vandevelde ("Vandevelde") and Crowell from representing plaintiffs All American, Edge, Jaco and Unisys against Infineon in the four above-referenced cases due to a conflict of interest that arose when Crowell merged with Lightfoot, Vandevelde Sadowsky, Crouchley, Rutherford & Levine LLP ("Lightfoot Vandevelde") in October 2008. In its motion, Infineon sought to disqualify Crowell from representing plaintiffs against Infineon on the basis that the instant litigation is substantially related to prior litigation relating to DRAM pricing in which Crowell partner, Vandevelde, represented Infineon Technologies AG's Vice President of Sales, Gunter Hefner ("Hefner"), in an investigation by the United States Department of Justice Antitrust Division regarding pricing of DRAM chips, during which Hefner acquired confidential information belonging to Infineon that is highly material to the instant litigation. This investigation resulted in the filing of criminal charges, a plea, and sentencing of Hefner. Vandevelde also represented Hefner in a related civil matter entitled Petro Computer Sys., Inc. v. Micron Technology et al., C 05-2472 PJH ("Petro").

On December 18, 2008, this court granted Infineon's motion to disqualify counsel,

---

[1] There are three other opt-out cases, including Unisys Corporation v. Hynix Semiconductor, Inc., et al., No. C 06-2915 PJH. While this case was before the court on Infineon's motion to disqualify, it is not before the court with regard to the instant motion insofar as Unisys Corporation ("Unisys") requested, and received, a thirty-day extension to obtain substitute counsel.

1 ruling that Vandevelde and the entire Crowell firm are disqualified from representing All
2 American, Edge, Jaco and Unisys against Infineon in this litigation.  In doing so, the court
3 concluded that disqualification was warranted because Vandevelde had a conflict of
4 interest insofar as the current litigation is substantially related to prior litigation in which he
5 received Infineon's confidential information that is material to the evaluation, prosecution,
6 settlement or accomplishment of Crowell's current representation of plaintiffs.  The court
7 also concluded that the entire Crowell firm was vicariously disqualified.  As a consequence,
8 plaintiffs were directed to file substitutions of counsel within thirty days.

9 On January 20, 2009, All American, Edge and Jaco filed their respective
10 substitutions of counsel.  All American's notice entitled, "Notice of Substitution of Counsel,"
11 states that with respect to All American's claims against Infineon, Crowell's co-counsel,
12 Bilzin, Sumberg, Baena, Price & Axelrod LLP, will continue to represent All American.
13 Edge and Jaco's respective notices entitled, "Notice of Change of Counsel," state that
14 Crowell's co-counsel for Edge and Jaco, Baker Hostetler LLP, will be sole counsel of record
15 with respect to Edge and Jaco's claims against Infineon.  These notices also stated that
16 Crowell will continue to represent plaintiffs against the other defendants in this litigation.
17 On January 26, 2009, Infineon filed the instant Application, seeking a civil contempt order
18 directing plaintiffs to comply with the Disqualification Order, and imposing a monetary
19 sanction of $5,000 per day, or such other amount the court deems necessary to ensure
20 compliance.   Plaintiffs filed an opposition on January 30, 2009.  On February 2, 2009, a
21 reply was filed.

**DISCUSSION**

23 A.   Legal Standard

24 "The standard for finding a party in civil contempt is well settled: The moving party
25 has the burden of showing by clear and convincing evidence that the contemnors violated a
26 specific and definite order of the court." In re Dyer, 322 F.3d 1178, 1190-91 (9th Cir. 2003)
27 (citation and quotation marks omitted); Federal Trade Comm'n v. Enforma Natural Prods.,

Inc., 362 F.3d 1204, 1211 (9th Cir. 2004). "The burden then shifts to the contemnors to demonstrate why they were unable to comply." Enforma Natural Prods., Inc., 362 F.3d at 1211 (citations and quotation marks omitted). The contempt need not be willful; rather, a party may be held in civil contempt when it fails to take all reasonable steps within the party's power to comply with the court's order. Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1130 (9th Cir. 2006). "[H]owever, a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the court's order.' " Id. "Whether contempt is civil or criminal depends on the intended effect of the penalty imposed. If the intent is remedial, or if the penalty is conditional in that it is meant to compel the defendant to act, the contempt is civil. If the intent is punitive and the penalty is unconditional, the contempt is criminal." United States v. Laurins, 857 F.2d 529, 534 (9th Cir. 1988). "[C]ivil contempt sanctions, or those penalties designed to compel future compliance with a court order, are considered to be coercive and avoidable through obedience, and thus may be imposed in an ordinary civil proceeding upon notice and an opportunity to be heard. Neither a jury trial nor proof beyond a reasonable doubt is required." Int'l Union v. Bagwell, 512 U.S. 821, 827 (1994).

B.    Infineon's Application

Infineon argues that plaintiffs have violated the Disqualification Order by failing to file substitutions of counsel replacing Crowell as counsel for plaintiffs in this action against all defendants. Infineon contends that the Disqualification Order bars Crowell from continuing a representation adverse to Infineon, which includes representing plaintiffs against any defendant in this action, not just Infineon, because Crowell's representation of plaintiffs against Infineon's co-defendants is adverse to Infineon inasmuch as this litigation involves a single conspiracy between Infineon and its co-defendants to manipulate the price of DRAM, and thus any evidence against a co-conspirator is evidence against Infineon, and vice-versa. In other words, Infineon argues that plaintiffs attempt to retain Crowell is improper because Crowell possesses confidential information belonging to Infineon that

4

can be used to prosecute plaintiffs claims not only against Infineon's co-defendants, but also against Infineon. According to Infineon, plaintiffs' failure to comply with the Disqualification Order warrants civil contempt sanctions insofar as plaintiffs "understood" that the court's order required them to replace Crowell as their counsel in these matters in their entirety, but they nonetheless chose to defy the order by only filing substitutions of counsel with respect to plaintiffs claims against Infineon.

As evidence of plaintiffs' "understanding" Infineon cites to portions of plaintiffs' opposition to their motion to disqualify. Specifically, Infineon points to language in plaintiffs' opposition urging the court not to disqualify Crowell because: (1) plaintiffs would suffer "monumental" prejudice if they lost their counsel at this stage of the litigation; and (2) "it would be impossible for a new law firm to come into these cases now, assume representation of four of the six plaintiffs, establish the confidence and trust with the clients needed to try cases of this complexity and magnitude, fully learn and understand the almost overwhelming discovery record, and prepare for a lengthy trial in only six months." Infineon maintains that "[g]iven Plaintiffs' clear understanding of the effects of disqualification, Plaintiffs' refusal to replace Crowell constitutes willful defiance of this court's [Disqualification Order] and merits holding Plaintiffs in civil contempt."

Plaintiffs counter by arguing that civil contempt sanctions are not warranted because they complied with the Disqualification Order by only filing substitutions of counsel with respect to plaintiffs' claims against Infineon because the order did not disqualify Crowell from representing plaintiffs against all defendants; rather, the order clearly limited the scope of Crowell's disqualification to representation against Infineon - the relief requested by Infineon. According to plaintiffs, Infineon's Application is nothing more than an improper attempt to expand the scope of the Disqualification Order by arguing, for the first time, that "any evidence or argument offered against the other defendants is also thereby offered against Infineon as an alleged co-conspirator." In short, plaintiffs maintain that they did not violate the Disqualification Order because Infineon did not argue in its motion to disqualify,

and the court did not specifically and definitely order, that Crowell was disqualified from representing plaintiffs against all defendants in this action. Finally, plaintiffs note that to the extent the court has practical concerns regarding Crowell's continued representation of plaintiffs against Infineon's co-defendants (i.e., possible prejudice to Infineon), these concerns can be alleviated by severing plaintiffs' claims against Infineon.

After reviewing the briefing on the motion to disqualify, as well as the language of the Disqualification Order, the court concludes that Infineon has not satisfied its burden to demonstrate by clear and convincing evidence that plaintiffs violated a specific and definite order of the court by only filing substitutions of counsel with respect to plaintiffs' claims against Infineon. A review of Infineon's motion to disqualify reveals that Infineon moved for an order disqualifying Crowell from representing plaintiffs only against Infineon. As pointed out by plaintiffs, Infineon's briefing did not specifically seek to disqualify Crowell from representing plaintiffs against all defendants; rather, Infineon's motion sought to "disqualify the law firm of Crowell & Moring from continuing to represent Plaintiffs against Infineon in the instant cases." Likewise, plaintiffs' opposition did not raise the issue. And although it contains the language referred to above which suggests that plaintiffs understood that Crowell was disqualified from the entirety of the litigation, the court cannot base a contempt finding on such a thin showing.

Moreover, the Disqualification Order did not address whether Crowell should be disqualified from representing plaintiffs against all defendants; rather, the order focused solely on whether Crowell should be disqualified from representing plaintiffs against Infineon, the relief requested by Infineon. Accordingly, the court concludes that civil contempt sanctions against plaintiffs is unwarranted. However, given the parties' dispute over the scope of the Disqualification Order, clarification follows.

C.     Scope of Crowell's Disqualification

Because neither party specifically raised the issue of whether Crowell should be disqualified from representing Infineon's co-defendants if the court determined that Crowell

6

was disqualified from representing plaintiffs against Infineon, the court did not specifically address this issue in its Disqualification Order.  And indeed, it never occurred to the court, given the nature of plaintiffs' opposition to the disqualification motion, that plaintiffs would interpret the order as permitting Crowell to continue the litigation in any capacity.  As the issue has now been squarely presented, the court clarifies the intended scope if its decision to disqualify Crowell.

Infineon contends that the Disqualification Order was intended to disqualify Crowell from representing plaintiffs against all defendants.  Plaintiffs, on the other hand, contend that it intended only to disqualify Crowell from representing plaintiffs against Infineon.  The court agrees with Infineon.  As pointed out by Infineon, plaintiffs generally allege a horizontal price-fixing conspiracy carried out by Infineon and Infineon's co-defendants (i.e., co-conspirators).  In this context, evidence against any alleged co-conspirator is evidence against all the alleged conspirators.  Thus, to the extent that Crowell represents plaintiffs against Infineon's alleged co-conspirators, it is appearing on behalf of Infineon's adversary.  The court's Disqualification Order made it clear that this is impermissible.

Crowell was disqualified from representing plaintiffs against Infineon in this litigation because one its partners, Vandevelde, obtained Infineon's confidential information related to DRAM pricing in substantially related prior litigation that is highly material to the evaluation, prosecution, settlement or accomplishment of Crowell's representation of plaintiffs against Infineon in this litigation.  Thus, to allow Crowell to continue representing plaintiffs against Infineon's co-conspirators would, for all practical purposes, render meaningless Crowell's disqualification insofar as Crowell would still be entitled to appear on behalf of Infineon's adversary armed with highly pertinent, indeed potentially devastating, confidential information.  The court declines to do so.  Crowell is therefore disqualified from representing plaintiffs against all defendants in this litigation.  Plaintiffs' suggestion that a severance of plaintiffs' claims against Infineon, to avoid any actual or perceived prejudice from Crowell's representation of plaintiffs against Infineon's alleged co-conspirators, is

rejected as unworkable.  These cases are related but not consolidated and may very well result in three individual trials, which would turn into six should plaintiffs' suggestion be followed.  But more significantly, complete severance of the claims and the evidence in support of and in opposition to those claims, is simply not possible given the conspiracy allegations.

## CONCLUSION

For the reasons stated above, Infineon's Application is DENIED.  However, the court CLARIFIES that the Disqualification Order is intended to disqualify Vandevelde and the entire Crowell firm from representing plaintiffs All American, Edge, Jaco (and Unisys even though it did not join this motion) against all defendants in this litigation.  Plaintiffs shall file substitutions of counsel within thirty days.

**IT IS SO ORDERED**

Date: February 5, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge